UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL EMILIO GONZALEZ DIAZ,

                          Petitioner,

-*against*-

WARDEN OF ORANGE COUNTY
CORRECTIONAL CENTER,
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                          Respondents.

**ORDER**

22-cv-3400 (ER)

---

Ramos, D.J.:

      Angel Emilio Gonzalez Diaz ("Petitioner"), a native of the Dominican Republic, filed this action pursuant to 28 U.S.C. § 2241 on April 27, 2022 against the Warden of the Orange County Correctional Center and Immigration and Customs Enforcement ("Respondents"). Doc 1 at 1. At the time, Mr. Gonzalez Diaz was being held in detention by the United States Immigration and Customs Enforcement ("ICE"), an arm of the Department of Homeland Security ("DHS"), in the Orange County Correctional Center in Goshen, New York.

      In late August 2021, ICE took custody of Mr. Gonzalez Diaz and reinstated his prior removal order for purposes of effectuating his removal. Doc. 9 at 7. However, Mr. Gonzalez Diaz expressed a fear of return to the Dominican Republic, after which he was placed in limited, withholding-only proceedings. During the pendency of Petitioner's withholding-only proceedings, he remained in ICE custody. Mr. Gonzalez Diaz was subject to detention under 8 U.S.C. § 1226 during his ongoing removal proceedings. *See* 8 U.S.C. § 1226(a) (authorizing detention "pending a decision on whether the alien is to be removed from the United States"). In his habeas petition, Mr. Gonzalez Diaz challenged his "prolonged detention and violation of due process" and asked the Court to release him and to stop his deportation. Doc. 1 at 7.

On April 27, 2022 the Executive Office for Immigration Review denied Petitioner's motion to terminate his removal. Doc 7-10 at 3. Mr. Gonzalez Diaz appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed Petitioner's appeal on November 9, 2022. Doc. 11. Thus, Mr. Gonzalez Diaz will be removed and the habeas petition will be moot. *Id.* The Court will therefore dismiss the petition as moot. *See, e.g.*, *Akhuemokhan v. Holder*, No. 12 Civ. 1181 (JFB), 2013 WL 6913170, at *2 (E.D.N.Y. Dec. 30, 2013) (dismissing a habeas petition as moot following petitioner's release from custody).

The Clerk of Court is respectfully directed to terminate the petition and close the case.

It is SO ORDERED.

Dated:  December 13, 2022
        New York, New York

_____
EDGARDO RAMOS
United States District Judge